TEXAS & PACIFIC RAILWAY COMPANY v. F. M. WHEELER.

No. 1493.    Decided January 11, 1906.

**1.—Appeal—Dismissal.**

The fact that a plaintiff in justice court requested and obtained judgment for a less amount than he had claimed and proved, and thereupon appealed the case to the county court, did not warrant the dismissal of his appeal taken as authorized by the statute.    (P. 430.)

**2.—Appeal—Costs.**

The practice by a plaintiff in justice court of asking and obtaining judgment for a less amount than he claimed and proved, then appealing the case to the county court, where he obtained judgment for the full amount of his claim, should have been held to give the defendant the right to have the costs of the appeal taxed against plaintiff.    (P. 431.)

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Harrison County.

*Cary Abney,* for appellant.—The court erred in overruling defendant's motion to dismiss the appeal in this cause taken by the plaintiff from the Justice Court of Precinct No. 3, Harrison County, Texas, because of the facts, which were supported by the affidavit of the defendant's counsel, and which were admitted by the plaintiff to be true, contained in the defendant's said motion, as grounds for dismissing the said appeal. Texas Port. Cement Co. v. Pearl Lee, 98 Texas, 36; Hart v. West, 91 Texas, 187; Curtis v. Cockrel, 9 Texas Civ. App. Rep., 55-56; Garden v. Short, 31 S. W. Rep., 46; Missouri, K. & T. Ry. v. Eyer, 96 Texas, 72; Over v. Missouri, K. & T. Ry. Co., 73 S. W. Rep., 535; North Texas, etc., Co. v. Coleman, 58 S. W. Rep., 1044; Byrd v. Ellis, 35 S. W. Rep., 1071; Texas & P. Ry. v. Bigham, 47 S. W. Rep., 814; Elliot's Appellate Procedure, secs. 625, 626 and 282, and authorities there cited; vol. 2 Encyclopedia of Pl. & Pr., pp. 99 et seq., and authorities there cited.

The court should have sustained the motion of the defendant to tax plaintiff with costs, because the plaintiff had already admitted these facts to be true, and the costs in the county court should have been taxed against the plaintiff.

BROWN, ASSOCIATE JUSTICE.—This is a certified question from the

Court of Civil Appeals of the Fifth Supreme Judicial District. The statement and questions are as follows:

"We deem it advisable to present to the Supreme Court of Texas, for adjudication, the following issues of law arising in the above entitled cause:

### "STATEMENT.

"F. M. Wheeler, appellee, instituted this suit in the Justice Court of Precinct No. 3, Harrison County, to recover of appellant, the Texas & Pacific Railway Company, the sum of one hundred and eighty dollars damages, alleged to have been sustained on account of the killing by one of its locomotives and trains, of two cows and the injury of another. The case was tried without a jury and judgment rendered by the justice of the peace in favor of appellee for the sum of $110, from which judgment appellee appealed to the county court. A trial was had in the county court without the intervention of a jury, and resulted in a judgment for appellee against appellant for the sum of $180. From this judgment appellant has appealed to this court.

"When the case reached the county court and was called for trial, appellant, The Texas & Pacific Railway Company, filed and presented in that court a verified motion to dismiss the appeal taken by appellee from the judgment rendered in his favor in the justice court, for the reason and upon the following grounds, to wit: That on the trial of this cause in the justice's court, the plaintiff's attorney, after introducing all of the plaintiff's evidence, asked that judgment be rendered in plaintiff's favor for the sum of $110 and no more, and although all the evidence produced at the said trial showed the plaintiff's damage to be more than $110, and the defendant's attorney insisted that if judgment be rendered in plaintiff's favor that such judgment be for the full amount as shown by the evidence, the court granted the plaintiff's said request and rendered judgment in plaintiff's favor for $110, and from this judgment the plaintiff appealed to the county court.

"All the facts set up in appellant's motion to dismiss appellee's appeal were, upon the presentation of said motion in the county court, admitted by appellee, Wheeler, in open court to be true, as shown by the bill of exception No. 1. This motion was, by the presiding judge in the county court, overruled, to which action of the court appellant excepted and has assigned the same as error.

"Judgment being rendered in the county court in favor of appellee for the said sum of $180, appellant filed and presented to the court a motion in writing, praying that the costs, incurred in the county court and by reason of appellee's appeal from the judgment rendered in his favor in the justice court, be taxed against appellee. The grounds upon which this motion was based and the facts alleged therein, are the same in substance as those alleged and relied upon in appellant's motion to dismiss appellee's appeal from the justice court, as quoted above. The court refused to hear any proof in support of appellant's said motion to tax the costs of the county court against appellee, other than the admission made by appellee of the facts set up in its motion to dismiss the

appeal, and overruled the same. This action of the court was also excepted to and is assigned as error in this court.

"Question 1. Did the county court err in refusing to dismiss appellee's appeal from the judgment of $110 rendered in his favor in the justice court? In other words, was appellee estopped from appealing from said judgment because of his conduct in insisting upon and securing at the hands of the justice of the peace a judgment for only $110, when all the evidence showed that if he was entitled to recover at all he was entitled to recover the sum of $180, the amount sued for.

"Question 2. If the court did not err in refusing to dismiss appellee's said appeal, should the court for the reason alleged, have adjudged and taxed the costs of the county court against appellee?"

To the first question we answer, that the facts stated did not authorize the county court to dismiss the appeal.

Article 1668 of the Revised Statutes authorizes any party to a judgment rendered in a justice court for a sum exceeding twenty dollars, or where the amount in controversy exceeds twenty dollars, exclusive of costs, to appeal to the county court. The method of perfecting an appeal is prescribed by article 1670 of the Revised Statutes, and article 1672 declares the effect of a compliance with the law in these words: "When the (appeal) bond, or the affidavit in lieu thereof, provided for in the two preceding articles, has been filed, and the previous requirements of this chapter have been complied with, the appeal shall be held to be perfected."

The appeal being perfected, the jurisdiction of the county court attached to the cause, and the judgment of the justice court was set aside and annulled. The county court properly refused to dismiss the appeal.

Answer to question 2:

By article 1437, Revised Statutes, the plaintiff was entitled to recover the costs of both courts; but article 1438, Revised Statutes, provides: "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided in the preceding articles of this chapter." Under the last article the county court had authority to charge the costs of appeal in this case to the plaintiff, and, under the admitted facts, we are of opinion that the defendant was, as a matter of law, entitled to that judgment.

From our answers to the questions propounded it does not follow that the county court could not have protected the appellee from a wrong perpetrated under the forms of law. The effect of these answers must be limited to the scope of the questions. The facts may justify more effective action by the court.