TEXAS & PACIFIC RAILWAY COMPANY v. F. M. WHEELER.

Decided February 3, 1906.

**Appeal From Justice to County Court—Taxing Costs—Article 1438, Revised Statutes, Construed.**

On the trial in the Justice Court plaintiff requested that judgment be rendered in his favor for an amount less than the amount sued for, and less than any of the evidence warranted. Judgment was entered in accordance with his request. He thereupon appealed to the County Court and obtained judgment for the full amount sued for. Held, on motion of defendant, plaintiff should have been taxed with the cost of the appeal from the Justice to the County Court.

Appeal from the County Court of Harrison County. Tried below before Hon. H. T. Lyttleton.

*Cary Abney,* for appellant.—The defendant having filed its verified motion to dismiss the appeal from the Justice's Court, the said motion containing the following facts as grounds which were admitted by the plaintiff to be true: "That on the trial of this cause in the Justice's Court, the plaintiff's attorney, after introducing all of the plaintiff's evidence, asked that judgment be rendered in plaintiff's favor for the sum of $110 and no more, and although all the evidence produced at the said trial showed the plaintiff's damage to be more than $110, and the defendant's attorney insisted that if judgment be rendered in plaintiff's favor, that such judgment be for the full amount as shown by the evidence. The court granted the plaintiff's said request, and rendered judgment in plaintiff's favor for $110, and from this judgment the plaintiff appealed to the County Court." It was error for the court to overrule this said motion of the defendant's.

The court erred in refusing to hear evidence in support of said motion.

The court erred in refusing to tax the costs which accrued by the appeal to the County Court against the plaintiff. Cited: Texas Port. Cement Co. v. Pearl Lee, 82 S. W. Rep., 1052 (Texas Supt. Ct.) ; Hart v. West, 91 Texas, 187; Curtis v. Cockrel, 9 Texas Civ. App., 55-56; Carden v. Short, 31 S. W. Rep., 246; Missouri, K. & T. Ry. Co. v. Eyer, 70 S. W. Rep., 529; Over. v. Missouri, K. & T. Ry., 73 S. W. Rep., 535; North Texas, etc., Co. v. Coleman, 58 S. W. Rep., 1044; Byrd v. Ellis, 35 S. W. Rep., 1071; Texas & Pac. Ry. v. Bigham, 47 S. W. Rep., 814; Elliott's Appellate Procedure, secs. 625, 626 and 282, and authorities there cited; 2 Encyclopedia of Pl. & Pr., pp. 99 et seq., and authorities there cited.

No briefs for appellee reached the Reporter.

TALBOT, Associate Justice.—F. M. Wheeler, appellee, instituted this suit in the Justice Court of Precinct No. 3, of Harrison County, to recover of appellant, the Texas & Pacific Railway Company, the sum of one hundred and eighty dollars damages alleged to have been sustained on account of the killing, by one of its locomotives and trains, of two cows and the injury of another. The case was tried without a jury and judgment rendered by the justice of the peace in favor of appellee for the sum of $110, from which judgment appellee appealed to the County Court. A trial was had in the County Court without the intervention of a jury and resulted in a judgment for appellee against appellant for the sum of $180.

When the case reached the County Court and was called for trial, appellant, the Texas & Pacific Railway Company, filed and presented in that court a verified motion to dismiss the appeal taken by appellee from the judgment rendered in his favor in the Justice Court, for the reason and upon the following grounds, to wit: That on the trial of this cause in the Justice Court, the plaintiff's attorney, after introducing all of the plaintiff's evidence, asked that judgment be rendered in plaintiff's favor for the sum of $110 and no more, and although all the evidence produced at the said trial showed the plaintiff's damage to be more than $110, and the defendant's attorney insisted that if judgment be rendered in plaintiff's favor that such judgment be for the full amount, as shown by the evidence, the court granted the plaintiff's said request and rendered judgment in plaintiff's favor for $110.

All the facts set up in appellant's motion to dismiss appellee's appeal were, upon the presentation of said motion in the County Court, admitted by appellee Wheeler, in open court, to be true. This motion, however, was, by the presiding judge in the County Court, overruled, to which action of the court appellant excepted. Judgment being rendered in the County Court in favor of appellee for the said sum of $180, appellant filed and presented to the court a motion in writing praying that the costs incurred in the County Court, and by reason of appellee's appeal from the judgment rendered in his favor in the Justice Court, be taxed against appellee. The grounds upon which this motion was based and the facts alleged therein are the same in substance as those alleged and relied upon in appellant's motion to dismiss appellee's appeal from the Justice Court, as quoted above. The

court refused to hear any proof in support of appellant's said motion to tax the costs of the County Court against appellee, other than the admission made by appellee of the facts set up in its motion to dismiss the appeal and overruled the same. From the judgment of the County Court the railway company has appealed to this court.

The errors assigned in this court are in substance: (1) that the court erred in overruling the defendant's motion, made in the County Court, to dismiss the appeal taken by plaintiff from the judgment rendered in his favor in the Justice Court to said County Court for the reasons stated in said motion; (2) the court erred in rendering judgment in plaintiff's favor because the evidence showed that the defendant had fenced its right of way when plaintiff's cows were killed and failed to show any negligence on defendant's part resulting in the killing of said cows; (3) the court erred in overruling the defendant's motion to tax the costs of the County Court against the plaintiff because of the conduct of the plaintiff in inducing the justice of the peace to render a judgment in his favor in the Justice Court for only $110, when all the evidence showed that he was entitled to recover $180, if any amount, as set forth in said motion. The question involved in the foregoing first and third errors assigned were certified by this court to the Supreme Court for decision. Disposing of the first, that court says: "The facts stated did not authorize the County Court to dismiss the appeal. Article 1668 of the Revised Statutes authorizes any party to a judgment rendered in a Justice Court for a sum exceeding twenty dollars, or where the amount in controversy exceeds twenty dollars, exclusive of costs, to appeal to the County Court. The method of perfecting an appeal is prescribed by article 1670 of the Revised Statutes, and article 1672 declares the effect of a compliance with the law in these words: 'When the (appeal) bond, or the affidavit in lieu thereof, provided for in the two preceding articles, has been filed, and the previous requirements of this chapter have been complied with, the appeal shall be held to be perfected.' The appeal being perfected, the jurisdiction of the County Court attached to the cause and the judgment of the Justice Court was set aside and annulled. The County Court properly refused to dismiss the appeal."

In answering the second question the Supreme Court says: "By article 1437, Revised Statutes, the plaintiff was entitled to recover the costs of both courts. But article 1438, Revised Statutes, provides: 'That court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided in the preceding articles of this chapter.' Under the last article the County Court had authority to charge the costs of appeal in this case to the plaintiff, and under the admitted facts, we are of opinion that the defendant was, as a matter of law, entitled to that judgment."

The foregoing answers of the Supreme Court dispose of the principal questions presented by appellant's brief. Appellant does not complain, by any assignment of error filed in this court, that the County Court erred in rendering a judgment in favor of appellee for the sum of $180, predicated on the fact that having asked the Justice Court to enter a judgment for him for the sum of $110, he was thereby estopped to recover a greater sum in the County Court. The question involved in

such a proposition not having been raised in this court by an assignment of error, is not presented for our determination.

The evidence was sufficient to authorize the County Court's finding, that appellee's cattle were injured and killed through the negligence of appellant and we would not be warranted in disturbing the judgment rendered on that account. But it follows from the answer of the Supreme Court to the second question mentioned, that the County Court erred in overruling appellant's motion to tax the costs of the appeal from the Justice Court to the County Court and the costs of the latter court against appellee, and in conformity with the opinion of that court, as above quoted, in which we fully concur, said judgment will be reformed and the costs of the County Court here adjudged against appellee Wheeler, and as reformed will be affirmed, appellee to pay the costs of this appeal.

*Reformed and affirmed.*