## Missouri, Kansas & Texas Railway Company of Texas v. L. N. B. Milliron.

### Decided January 16, 1909.

**1.—Briefs—Appeal—Practice in Courts of Civil Appeals—Statute.**

Failure to file copy of the appellant's brief in the trial court five days before the filing of the transcript in the Court of Civil Appeals, as required by article 1417 of the Revised Statutes, will not be ground for dismissing the appeal when a good and satisfactory excuse for such failure is shown.

**2.—Jurisdiction of Courts of Civil Appeals—Justice Court Cases—Amount in Controversy—Costs.**

Where a suit in Justice Court was to recover the sum of one hundred dollars, and on appeal to the County Court the plaintiff had judgment for a less sum from which no appeal was taken, but the defendant appealed from an order and judgment overruling its motion to tax the cost of the County Court, which amounted to more than two hundred dollars, against the plaintiff, the Court of Civil Appeals had jurisdiction of the appeal.

**3.—Jurisdiction of County Court—Appeal from Justice Court.**

Where an appeal is prosecuted by the plaintiff from the Justice Court he is not required to give in that court notice of appeal or to file an appeal bond. A request to the justice to make out the transcript required by article 1673, Revised Statutes, and transmit it with the original papers in the case to clerk of the County Court perfects the appeal, and the County Court obtains jurisdiction when such transcript and papers are filed therein.

**4.—Same.**

Where the case originates in Justice Court and plaintiff is cast in the suit and an appeal is taken from the judgment rendered in the County Court, a showing in the statement of facts that a transcript of the proceedings had and judgment rendered in the Justice Court was filed in the County Court,

is sufficient to show that the latter had obtained jurisdiction of the case on appeal.

**5.—Costs—Appeal from Justice Court—Statutes.**

Where judgment in Justice Court was for the defendant, and on appeal to the County Court the plaintiff had judgment, but it conclusively appeared that he purposely so shaped the trial of his case in the former court that judgment could not be rendered in his favor with a view of appealing the case to the County Court and there casting the entire costs upon the defendant, the latter was entitled, as a matter of law, to have the costs incurred in the County Court taxed against the plaintiff. Revised Statutes, arts. 1436, 1438.

Appeal from the County Court of Rains County. Tried below before Hon. W. H. Clendenin.

*Coke, Miller & Coke* and *B. M. McMahan,* for appellant.

*O. H. Rhodes* and *W. W. Berzette,* for appellee.—The party losing on the trial of any cause shall pay the cost unless otherwise ordered by the court. See Sayles' Civ. Stats., art. 1436. The awarding of the cost by the trial court is discretionary and will not be disturbed by the Court of Appeals unless it clearly appears that this power has been abused. Jones v. Ford, 60 Texas, 127; Cox v. Patton, 66 S. W., 67; Texas Pacific R. R. Co. v. Davis, 66 S. W., 598; Moore v. Rogers, 100 Texas, 361.

TALBOT, ASSOCIATE JUSTICE.—This is an appeal from an order and judgment overruling a motion, made by the appellant in the above cause in the County Court, to have the costs of the suit, rendered in that court, taxed against the appellee. The suit originated in the Justice Court, and was brought by the appellee as the next friend of Florence Milliron to recover damages alleged to have been sustained by her on account of delay and exposure while a passenger on one of the appellant's trains. From a judgment rendered in the Justice Court against the plaintiff, appellee in this court, that he take nothing by his suit, and that the defendant recover costs, the plaintiff Milliron appealed the case to the County Court. In the County Court a trial was had and resulted in a judgment in favor of the plaintiff Milliron for the sum of forty dollars. Before the entry of this judgment the appellant railway company filed a motion to tax the costs of the County Court against the appellee. It was alleged in this action that when the case was called in the Justice Court, and before the trial began, the defendant, appellant here, filed its answer in writing, admitting that it was liable, and that plaintiff was entitled to recover a sufficient amount to compensate Florence Milliron for the damages she had sustained; that neither the plaintiff, L. N. B. Milliron, nor Florence Milliron, for whom he sued, attended the trial in the Justice Court, but were represented by attorneys; that after plaintiff's attorney announced ready for trial the defendant made an application for a continuance of the cause for the want of the testimony of plaintiff and the said Florence Milliron, the alleged injured party, stating that by said witnesses the defendant could prove the amount of damages sustained by the said Florence Milliron, and that defendant did not know of any

other person by whom it could prove such damages; that said application for a continuance was resisted by the plaintiff on the ground that the defendant had not caused said witnesses to be subpœnaed and no diligence had been used to secure their testimony; that thereupon the justice of the peace overruled said application for a continuance and the cause proceeded to trial; that upon said trial plaintiff's attorneys introduced but two witnesses, M. L. Allen and E. B. Adams, each of whom testified that he was not on the train alleged to have been delayed or at the places where the injuries complained of were alleged to have been sustained, and knew nothing of the injury suffered by plaintiff or the cause thereof; that he knew nothing whatever about the case, and that the plaintiff upon this testimony rested his case. It was further alleged that after the introduction of the witnesses Allen and Adams, the defendant having offered no testimony, the plaintiff's attorney stated to the court that, notwithstanding defendant's admission of plaintiff's right to recover, it was the duty of the court to render judgment upon the evidence introduced alone, and not upon defendant's admission, and that it was the duty of the court to disregard defendant's admission, and that under the evidence he could not render any other judgment than a judgment for the defendant and against the plaintiff for costs; that thereupon the justice of the peace rendered judgment that plaintiff take nothing and that the defendant recover all costs of suit. The motion further alleged that the case would have been fully tried and finally determined in the Justice Court if plaintiff's attorneys had not prevented such a result; that the plaintiff caused twenty witnesses to be subpœnaed to appear and testify in this cause in the County Court, and placed but two of them on the witness stand; that up to the filing of this motion to tax the costs in the County Court against the plaintiff, the witness fees claimed in this cause aggregated the sum of $119.98, and that other of said witnesses would, as prescribed by law, claim their witness fees, thereby augmenting the amount to a much greater sum. After hearing the evidence introduced on this motion the County Court overruled the same and entered judgment in favor of the plaintiff against the defendant on the cause of action set up in the main suit for $40 and for all costs incurred.

The appellant did not appeal from the judgment against it for the $40, but has appealed alone from the order and judgment overruling its motion to have the costs taxed against the plaintiff. Appellee has filed a motion to dismiss the appeal upon the following grounds: (1) because appellant failed to file in the lower court a copy of his brief five days before filing the transcript in this court, as required by article 1417 of the Revised Statutes; (2) because the suit was originally filed in the Justice Court for the recovery of one hundred dollars and the amount of the demand was not increased in the County Court, hence this court is without jurisdiction; (3) because there is nothing in the record to show that the County Court ever acquired jurisdiction in this case. We are of the opinion that neither of the grounds stated requires a dismissal of the appeal. The appellant, in reply to the motion to dismiss, has shown to this court a good and satisfactory excuse for not filing its brief in the County Court as re-

quired by the article of the statute referred to, and as stated, appellant did not appeal from the judgment rendered against it in the main suit, but from the court's order and judgment . overruling its motion to tax the costs of the County Court against appellee, and the record shows said costs to be more than two hundred dollars. With respect to the third ground of the motion, we may say that the record shows that the County Court had acquired jurisdiction of the suit by appeal from the Justice Court. The statement of facts shows that a transcript of the proceedings had and judgment rendered in the Justice Court was filed in the County Court. This was sufficient to show in this case that the County Court had obtained jurisdiction of the case by ·appeal from the Justice Court, and it was not necessary that the transcript from the Justice Court should be otherwise embodied in the transcript to this court. (Bledsoe v. Gulf, C. & S. F. Ry. Co., 6 Texas Civ. App., 280.) The appeal having been prosecuted by the plaintiff from the Justice Court, he was not required to give in that court notice of appeal or to file an appeal bond. In such case he could prosecute his appeal by simply requesting the justice of the peace to make out the transcript required by article 1673, Revised Statutes 1895, and transmit it with the original papers in the case to the clerk of the County Court. Such request, where no appeal bond is required as in this case, perfected the appeal, and the County Court obtained jurisdiction when the transcript and ·original papers were filed in that court. (Edwards v. Morton, 92 Texas, 152.) The motion to dismiss the appeal is overruled.

By its assignments of error appellant contends, in effect, that the undisputed evidence shows that the plaintiff did not desire a judgment in his favor in the Justice Court, and not only intentionally failed to have witnesses present by whom his cause of action could be established, but by the resistance of appellant's application to postpone the case in the Justice Court after liability on its part had been admitted, but not the amount of damages, in order to secure witnesses by whom the amount of damages sustained could be shown, prevented, in accordance with the purpose and scheme of himself and his attorneys, a development of the facts of the case and placed the justice of the peace in such a position he could not render a judgment for plaintiff in any amount. We are of the opinion that the undisputed evidence sustains this contention. The record shows without dispute that the only two witnesses, Allen and Adams, introduced by the plaintiff in the Justice Court, knew absolutely nothing about the facts of the case, and that his attorneys must have been ·aware of the same before announcing ready for trial. The justice of the peace who tried the case testified that Allen and Adams were the only witnesses who testified in his court; that defendant's attorneys admitted liability, but would not admit that defendant was liable for any specific amount; that it was his recollection that plaintiff's counsel, Mr. Berzett, informed him before judgment was rendered that he did not want a judgment for plaintiff; that he was not asking for any judgment; "that it was up to me to render judgment on the facts in the case." W. W. Berzett, one of the attorneys for plaintiff, testified: "I told the court I resisted the continuance applied for by defendant because they hadn't

had a subpœna issued for the witness. . . . After the defendant filed its admission of liability I told the court it was his duty, I thought, to render his judgment on the testimony introduced. In that case I did not at any time ask him not to render judgment in favor of the plaintiff. . . . I don't remember whether, in connection with my statement about the continuance, I stated that I didn't expect to offer a witness that would make out a case for the plaintiff. I might have said that. I think I said to the court that the defendant could not make out a case for the plaintiff; that they stood there to rebut plaintiff's case, and witnesses would have to be introduced before the testimony would be material in the case, and that the defendant could not offer the witnesses if they had been there, except for rebuttal. We offered the witnesses M. L. Allen and Dr. E. B. Adams. I had not talked with them about the case before I put them on the stand; I was pretty certain they knew nothing about the case. I did not try to make out a case. . . . I heard him (Mr. Rhodes, his associate counsel) state to the court several times that he thought it his duty to render his judgment on the evidence in the case. I don't think he said in that case that it was the court's duty to render judgment for the defendant. I think he said he thought the only judgment that could be rendered under the evidence was judgment against the defendant for plaintiff for costs." O. H. Rhodes testified: "I did not ask the court to render judgment for the plaintiff and did not tell the justice of the peace he could not consider the admissions of the defendant. It is my opinion that the witnesses testified to nothing that would make a case for the plaintiff." It was further shown that the plaintiff, Milliron, had twenty-two witnesses summoned to appear and testify in the case in the County Court; that only two of said witnesses were placed on the witness stand; and the record shows that the witness fees claimed and proved up. in that court by plaintiff's witnesses alone aggregate the sum of $215.66.

We have not attempted to quote all the evidence. The foregoing, however, is, in brief, the material testimony offered in support of appellant's motion. The question then is, should the County Court, under the facts and circumstances shown, have taxed the costs of the County Court as prayed for against the appellee Milliron? We think so. The Justice Court had original jurisdiction of the amount in controversy, and it was the plaintiff's duty to so prepare for and conduct the trial of his case in that court that the respective rights of the parties thereto might be fairly determined and finally adjudicated in that court. It is true, the right of appeal to the County Court is given to either party dissatisfied with the judgment of the justice of the peace when the amount in controversy or judgment rendered exceeds twenty dollars, but it was not contemplated by the law-making power in according such right that a plaintiff could evade the policy of the law to end litigation involving small amounts in the Justice Court, and avoid further costs, by filing his suit in that court and then defeat by his own wrongful conduct a full and- fair trial of the same to the end that the jurisdiction of the Appellate Court might be invoked in the .first instance to try the cause on its merits. Such a procedure should not be tolerated. For if a trial in the Justice Court

can be thus evaded and a defendant's right to pay off such judgment as may be rendered against him in that court on the facts and thereby end the litigation and save the costs of an appeal, be denied him, the Justice Court might as well be abolished and its jurisdiction conferred upon the County Court. The appellee, by article 1436, Revised Statutes 1895, was entitled to recover the costs incurred in the County Court, but that court, for good cause stated on its record, was authorized by article 1438 of said statutes to adjudge said costs against him. In the case of Texas & Pacific Railway Company v. Wheeler, 99 Texas, 428, the Supreme Court of this State held, on certified questions from this court, that where the plaintiff in the Justice Court sued for $180 damages sustained on account of the killing by one of the railway company's locomotives and trains of two of his cows and the injury of another, and introduced his testimony which showed without contradiction that he was entitled to recover, if at all, the full amount claimed, but that he asked the court notwithstanding such evidence to render judgment in his favor for only $110, which was done, and he then appealed the case to the County Court, that the defendant, upon motion made for that purpose, was entitled as a matter of law to have the costs of the County Court adjudged against Wheeler. See also Railway v. Wheeler, 41 Texas Civ. App., 539. That the plaintiff in this case purposely so shaped the trial of his case in the Justice Court that judgment could not be rendered in his favor, with a view of appealing the case to the County Court and there casting the entire costs upon the defendant, is placed beyond controversy, we think, by the facts. So conclusively does the evidence establish this to have been the purpose of the plaintiff that "reasonable minds could not differ as to the conclusion to be drawn from it." We conclude that, for reasons similar to those upon which the court's decision was based, in Railway v. Wheeler, *supra,* the appellant here was entitled as a matter of law to have all the costs incurred in the County Court of Rains County in this case taxed against the appellee. Therefore, the judgment of the court below denying such relief is reversed and judgment will be here rendered taxing said costs against the appellee.

*Reversed and rendered.*