CAGE v. KING.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 15, 1913.)

1. JUSTICES OF THE PEACE (§ 147*)—RIGHT TO APPEAL—WAIVER.

Under Rev. St. 1895, art. 1668 (Rev. Civ. St. 1911, art. 2391), authorizing any party to a judgment for more than $20, rendered by a justice of the peace, to appeal to the county court, the plaintiff, who had requested a justice of the peace to render judgment for the defendant, may appeal from that judgment to the county court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 493–501; Dec. Dig. § 147.*]

2. COSTS (§ 238*)—APPEAL—REVIEW OF JUDGMENT OF JUSTICE OF THE PEACE.

Where a party appeals to the county court from a judgment of the justice of the peace rendered against him at his own request, the costs in the county court should be taxed against the appellant, even though he is successful in that court.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 908–919; Dec. Dig. § 238.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**3. JUDGMENT (§ 587*)—CONCLUSIVENESS—EXTENT OF ESTOPPEL.**

In an action for the value of a vendor's lien note, where the plaintiff alleged in the alternative that the defendant had bought the note but had not paid for it, and that he had converted the note to his own use, a prior judgment in an action to foreclose the note to which both plaintiff and defendant were parties, that the defendant was the owner of the note, was not a bar to the plaintiff's recovery; since he would be entitled, under his pleading, to judgment for the price, even though the title was acquired by the defendant through purchase.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1089; Dec. Dig. § 587.*]

**4. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR — ADMISSION OF EVIDENCE — FACT OTHERWISE ESTABLISHED.**

Error, in the admission of privileged communications, is harmless, where the same testimony was given by the party claiming privilege.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

Appeal from Erath County Court; J. B. Keith, Judge.

Action by Shelby King against John M. Cage, instituted before a justice of the peace. From a judgment of the justice of the peace in favor of the defendant, entered at the request of the plaintiff, the plaintiff appealed to the county court. The county court refused to dismiss the appeal upon motion of the defendant, and rendered judgment for the plaintiff for the amount claimed and the costs in both the justice and county courts. From that judgment, the defendant appeals. Modified and affirmed.

The plaintiff alleged that the defendant had bought from him a certain vendor's lien note, and, in the alternative, that the defendant had converted the note to his own use, and the defendant pleaded that it had been adjudicated in a suit to foreclose the lien, in which both the plaintiff and defendant in the action before the justice of the peace were parties, that the defendant was the owner of the note.

J. C. George, of Stephenville, for appellant. Chandler & Pannill, of Stephenville, for appellee.

CONNER, C. J. [1, 2] Under the construction given to Revised Statutes 1895, art. 1668 (Revised Statutes 1911, art. 2391), by the Supreme Court in the case of T. & P. Ry. Co. v. Wheeler, 99 Tex. 428, 90 S. W. 481, the court properly declined to dismiss the appeal from the justice's court, as was urged in appellant's motion therefor. But under the case cited, as well, also, as the cases of M., K. & T. Ry. Co. v. Milliron, 53 Tex. Civ. App. 325, 115 S. W. 655, and T. & P. Ry. Co. v. Wheeler, 41 Tex. Civ. App. 539, 91 S. W. 234, we think the costs in the county court should have been taxed against appellee. It is evidently the policy of the statute that in cases within the jurisdiction of the justice's court a defendant has not only the right of a primary trial in that court, but the right of continued trials until a final judgment shall be rendered, after which, should he suffer an adverse final judgment, he would have the right, in the absence of an appeal on the part of the plaintiff, to avoid the further costs and vexation of an appeal to the county court by paying off the judgment against him in the justice's court. In the case under consideration it is undisputed that, however natural it may have been for counsel to so do, the judgment against the appellee and from which he appealed to the county court was rendered against him at his express instance. Hence, as stated, we think a proper application of the decisions cited required the taxation of all costs in the county court which would otherwise be properly taxed against appellant to have been taxed against appellee, and the county court erred in not so doing.

[3] In other respects we find no reversible error in the proceedings below. It would not, perhaps, be an unreasonable construction of appellee's pleadings to hold that the judgment in favor of John M. Cage against W. T. Adkins, foreclosing a vendor's lien and which appellant pleaded in bar of the present action, was but a step in the alleged conversion of the note belonging to appellee, Shelby King, and hence that it of itself does not constitute a bar to this suit for the recovery of the value of the note. But, regardless of any such consideration, the vital issue in this case appears by the pleadings to have been whether John M. Cage paid appellee for the note, and the issue of whether Cage paid anything for the note was not necessary nor even apparently involved in the case in which the judgment was rendered in appellant's favor against Adkins. It seems to be undisputed that appellee was the real owner of the promissory note, and that appellant never paid appellee anything therefor. In his suit against Adkins he alleged that he had purchased the same, and in harmony with the judgment we may assume that this is true; yet, if he has never paid appellee anything therefor, it certainly would be inequitable to deny appellee relief in this suit, appellee's pleadings in our judgment being broad enough in its alternative form to so authorize.

[4] As to the objection to the testimony of R. L. Thompson on the ground that his conversation with appellant was privileged, we find no reversible error in the court's ruling, for if it be admitted that the conversation referred to was privileged under ordinary circumstances, yet the same testimony in effect was given by appellant himself, and its effect appears to be undisputed. No prejudice in this respect, therefore, appears,

and the assignment raising the question is overruled.

No other question is presented requiring discussion, but, in harmony with what has already been stated, it is ordered that the judgment below be affirmed, with directions, however, that all costs of the court below, as well also as of this court, be taxed against appellee.