## HOUSTON & T. C. R. CO. v. KING.

(Court of Civil Appeals of Texas. Austin. Nov. 5, 1913.)

1. RAILROADS (§ 443*) — KILLING CATTLE — NEGLIGENCE—EVIDENCE.

Evidence, that cattle and horses were accustomed to graze on defendant's railroad right of way at the place where plaintiff's animals were struck and killed where defendant was not required to fence its track, that animals were liable to be encountered there was known to defendant's trainmen, that there was nothing to prevent the engineer from seeing one of plaintiff's cows for a distance of from 50 to 75 yards from the place where they were struck, and that the train passed at a rapid speed which was not checked or the whistles blown before the cows were struck, was sufficient to establish negligence on the part of the railroad company.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

2. RAILROADS (§ 447*)—KILLING ANIMALS—LOOKOUT.

An instruction that defendant's train operatives were not required to keep a lookout for

---

stock except at road crossings was properly refused, since whether it is the duty of an engineer to keep a lookout at any particular place depends on whether under the circumstances he should anticipate that persons or stock might be on the track at such place.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1642–1650; Dec. Dig. § 447.*]

3. COSTS (§ 238*) — APPEAL FROM JUSTICE'S COURT.

Where plaintiff purposely refrained from proving a case in justice's court, and requested the justice to render judgment against him, from which he appealed to the county court, where he was successful, the county court should have taxed the costs therein against him.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 908–919; Dec. Dig. § 238.*]

Appeal from Waller County Court; J. D. Harvey, Judge.

Action by R. L. King against the Houstor & Texas Central Railroad Company. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Baker, Botts, Parker & Garwood, of Houston, and W. B. Garrett, of Austin, for appellant. Hannay & Hannay and R. E. Hannay, Jr., all of Hempstead, and J. V. Meek, of Houston, for appellee.

JENKINS, J. [1] This is a suit to recover damages for killing two cows belonging to appellee. The evidence shows that the cows were killed by appellant's train in the town of Waller, at a place where the appellant was not required to fence its track. Grass was growing upon the railway track, and cattle and horses were accustomed to graze upon the same, which fact was known to the trainmen operating appellant's train. There was nothing to have prevented the engineer from seeing one of the cows, which is shown to have been upon the track when the engine was from 50 to 75 yards from her. The train was a through train, and did not stop at Waller, and was running at a rapid speed when the cows were killed. The testimony on the part of appellee shows that the engineer did not blow any whistle nor check the speed of the train before striking the cow. This testimony, we think, is sufficient to sustain the verdict and judgment of the trial court. H. & T. C. Ry. Co. v. Garrett, 160 S. W. 111, decided at the present term of this court.

[2] Appellant assigns error upon the refusal of the court to give the following instruction: "The jury are instructed that, under the law, the employés of a train are not required to keep a lookout for stock, except at road crossings and street highways." We do not understand such to be the law. There may be circumstances which would require the employés on the train to keep a lookout at other places than at crossings, streets, or highways. It has been so held with reference to portions of the railway track commonly used by people as a crossing, though

such place was not a public crossing. Whether or not it is the duty of the engineer to keep a lookout at any particular place depends upon whether or not, under all the circumstances, he should anticipate persons or stock might be upon the track at such place.

[3] This case originated in the justice's court. The appellee, plaintiff in said case, put but one witness upon the stand, by whom he proved that his cows were killed within the switching limits and in the yard of the defendant at Waller station, but did not prove the value of the cows, nor any circumstances of the killing. He stated to the court that he had not proven any damages, and that the court should render judgment for the defendant, from which judgment he appealed. After judgment was entered for appellee in the county court, appellant moved the court to tax the cost of the county court against appellee, for the reason that he had purposely refrained from proving any case in the justice court, and had requested the justice's court to render judgment against him. Said motion should have been sustained. Railway Co. v. Wheeler, 41 Tex. Civ. App. 539, 91 S. W. 234; Railway Co. v. Milliron, 53 Tex. Civ. App. 326, 115 S. W. 655.

The judgment of the trial court is here reformed, so as to adjudge all costs in the county court against appellee. In other respects said judgment is affirmed.

Reformed and affirmed.