ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. KELLY. (No. 1409.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 4, 1915.)

1. CARRIERS 407 — BAGGAGE — STORAGE CHARGES.

Where unmarked and unidentified baggage was called for on the evening after the arrival of the train on which the baggage was due to come, and the carrier's agent was notified of the circumstances of the shipment of the baggage, the carrier, failing to deliver it, could not claim storage charges.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1554–1556; Dec. Dig. 407.]

2. APPEAL AND ERROR 750—QUESTIONS REVIEWABLE—TAXATION OF COSTS—ASSIGNMENT OF ERROR.

Where the county court, on appeal from a justice's judgment, rendered judgment for plaintiff, which recited that defendant introduced no testimony in the lower court in support of its cross-action, nor offered any defense, and ordered that all costs should be taxed against defendant, and overruled defendant's motion to retax the costs, an assignment of error that the testimony failed to support the finding which the court determined to be good cause to adjudge all costs against defendant was sufficient to authorize a review of taxation of costs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. 750.]

3. COSTS 230—JUSTICES OF THE PEACE—APPEAL TO COUNTY COURT.

Where the record, in an action begun in justice court, and appealed to the county court, showed a cross-examination by plaintiff of three witnesses of defendant testifying in the county court that they had not testified in justice court, and there was no evidence that defendant offered no testimony in justice court, or in a way prevented a fair trial, the court could not tax all the costs against defendant on plaintiff recovering a judgment for a sum less than recovered in justice court.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 869–876; Dec. Dig. 230.]

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Franklin County Court; J. J. Walker, Judge.

Action by W. T. Kelly against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

J. M. Burford, of Mt. Pleasant, for appellant. B. O. Shurtleff and G. E. Cowan, both of Mt. Vernon, for appellee.

LEVY, J. The suit is to recover the possession of two trunks and a box containing wearing apparel, or their value, and for damages for the loss of the use of the goods. The appellant entered a denial and asked for legal storage charges that had accumulated. The suit was tried in the justice court, and appealed to the county court. The judgment of the county court allowed recovery of the baggage, or its value if not delivered in a reasonable time, and damages for loss of use, and denied a recovery to the company of storage charges.

[1] The company had the trunks and box in its possession, but failed to deliver same to the owner because they were unmarked and without any check to identify them. According to the testimony of Jones, offered in behalf of appellee, he informed the agent at Mt. Vernon of the circumstances under which the agent at Dallas had forwarded the baggage, and that, as a consequence, the agent at Mt. Vernon knew whose baggage it was and how it had gotten to the depot at Mt. Vernon. And in support of the court's judgment it should be assumed, and we do so assume, that Jones informed the agent of the circumstances of the shipment at the time he called for such baggage, as testified by him, on the evening after the arrival of the train on which the baggage was due to come. It does not appear from his testimony to the contrary. In this fact the storage charges claimed in this record would not be allowable, and the court's finding would be sustained by the evidence.

[2] The judgment of the county court provides:

"And it further appearing to the court from the evidence that the defendant introduced no testimony in the lower court in support of its cross-action, nor offered any defense whatever, it is therefore ordered, adjudged, and decreed that all costs in this behalf expended be taxed against the defendant, and that plaintiff have his execution."

The appellant moved to retax the costs, and it was overruled. The error assigned is to the point that the testimony fails to support the findings of fact which the court determined to be "good cause" to adjudge all costs against the company. The appellee recovered a less judgment in the county court than in the justice court. It is thought that this court, under the assignment as made, can review the action of the court.

[3] The only evidence in the record pertaining to any action or conduct on the part of appellant in the justice court lay in the following: The plaintiff's counsel on cross-examination asked the three witnesses of the company, testifying in the county court, if they testified in the justice court, and they answered that they had not. · There is no evidence that appellant offered no testimony in the justice court, or acted in a way to prevent a full and fair trial of the case in that court. Clearly the evidence does not present even a similar case to Railway Co. v. Milliron, 53 Tex. Civ. App. 325, 115 S. W. 655. The court's finding of fact which was by him given the effect of "good cause" is not, it is thought, warranted by the testimony; and therefore such finding of fact is set aside. This necessitates modifying the court's judgment in so far as it taxed costs of the county court against appellant. As modified, the judgment is affirmed, with costs of this appeal taxed against appellee.

Modified and affirmed.