## HOUSTON E. & W. T. RY. CO. v. BARR. (No. 1845.)

Court of Civil Appeals of Texas. Beaumont. May 23, 1929.

Appellant's and Appellee's Rehearings Denied June 12, 1929.

Seale & Denman, of Nacogdoches, and Baker, Botts, Parker & Garwood, of Houston, for appellant.

Adams & McAlister, of Nacogdoches, for appellee.

WALKER, J. This suit was instituted by appellee in justice court against appellant for damages for negligently killing one of his mules. Appellee valued his mule at $150, and also asked for $20 attorney's fees. Upon trial in the justice court appellee offered no evidence, and judgment was accordingly for appellant. He then appealed his case to the county court, where the case was tried without written pleadings. We take the following statement of the nature and result of that trial from appellee's brief:

"That on October 10, 1927, the appellee was living near the E. & W. tracks within 35 or 40 feet of the main line east of the tracks at Mayo, and about 30 feet north of a road that crossed the track running north and south, the railway running east and west; that appellee owned a large mule and on this date this mule and two others were in the appel-

lee's lot about 30 feet south of the appellant's track at 1 A. M., as the appellee came in from a neighbor's house, where he had been sitting up with the sick, and on reaching his home, observed the mule with the other two in the lot.

"That the appellee's house and lot are about 30 feet south of the appellant's track and it will be observed from the record that the appellant's track runs west from a mid line of the appellee's house 185 steps, and east 95 steps, aggregating about 200 steps, or 870 feet, without any obstruction, and in approaching the appellee's premises, going east, the road crossing west of the appellee's house can be observed 185 steps, and that there is no obstruction on the appellant's track, as it is practically level and with no objects on either side of the track to prohibit the employees' view in approaching the crossing.

"On the morning of Oct. 10, 1928, the appellee missed his mule and began to look for the mule after he had seen the other two outside between the track and his lot fence on the south of the track, and on approaching the two mules found that the fence had been pushed or broken down and the mules had come out through this opening, and immediately took the track of the mule that was missing, which was shod all around, and followed its track about 30 feet towards the appellant's track and on the south side of the track observed that the tracks of the mule turned east immediately south of the appellant's track and the track, when it first started east, showed that the mule was walking, and for a distance of 30 steps the tracks were observable and began to get further apart and dig deeper in the ground, and after going 30 yards, the animal got in the middle of the track and then the tracks showed that the animal was running, that is, they were far apart and the ground torn up, and at a distance of 35 or 40 steps, hair and blood on the track were discovered and then looking still further east on the south side of the track and about 10 yards away, the mule lay dead and all broken and bruised, with the ground between the mule and the track all torn up as if the said mule was thrown from the track. The appellee and Mart Melton, whom we asked to go and observe the ground, testified as to the conditions as existed at the time of the injury, as well as to the view, and Henry Spencer testified as to the distance that a train could be stopped with regard to the safety of those handling same, and then the section foreman's report showing that the track was clear and that the mule had been hit by an engine or train of the appellant, and no facts were offered by the appellant and it being conceded that the mule was hit by the declaration of its section foreman, as well as from all the facts, the Court charged the jury as is shown by transcript, page 6, thus:

" 'Was the defendant negligent in failing to discover the mule in time to have prevented the injury?'

" 'Was the failure of the defendant to discover the mule in time to have prevented the injury the proximate cause of the injury?'

" 'Could the defendant, by use of ordinary care, have discovered the animal in question on the track in time to have prevented the injury?'

"The jury answered all three of the questions 'yes,' and there being no controversy as to the value of the mule and attorney's fees, and the appellee thought as to the interest, judgment was entered by the Court for the appellee for $170.00, and costs of all courts, but the appellant in time made a motion to retax the costs and let the judgment read interest from date of judgment, and to this the appellee objected as well as the appellant, as is shown by motion to retax costs and answer thereto. .

"In due time the appellant perfected his appeal and filed his amended motion for a new trial setting up nine assignments of error, and in time gave notice of appeal and the case is now before this court for determination in the light of the record as made."

To this statement we add that the mule was killed within the switch limits and station grounds of the town of Mayo. Appellee, assuming that his mule was killed by one of appellant's passenger trains, proved by an engineer of 25 years' experience that the train could have been stopped at the place of the accident within 75 to 100 yards.

## Opinion.

██ The court erred in refusing to instruct peremptorily in favor of appellant. As the mule was killed within the switch limits of the town of Mayo, appellant was not required to fence its track at that place, and therefore the burden was on appellee to show that the death of his mule was proximately caused by appellant's negligence. St. Louis Southwestern Railway Co. v. Buice (Tex. Com. App.) 275 S. W. 996. Under the facts detailed by appellee in his statement, appellant was not guilty of the negligence submitted to the jury. It is clear to us that the mule became frightened as it walked up to the railroad track, and, running from the approaching train, got upon the track and was killed. It ran only 30 yards before getting upon the track and was struck after going only 35 or 40 yards. The train could not have been far from the mule when it walked up to the track, and must have been almost up with it when it got upon the track. The mule did not run over 75 yards from the time it reached the track until it was killed. Under appellee's evidence the train could not have been stopped under 75 yards. Had the engineer, as the mule approached the track, used all the means at his command to stop

the train, anticipating that it would get upon the track and run in front of his train, he could not have avoided killing it.

We agree with appellee that he is entitled to every inference of negligence arising from the evidence, but, as we construe the facts summarized by him in his statement, not the slightest inference of negligence can be indulged.

Though the court should have instructed the verdict in appellant's favor on the record as made, we do not reverse and render such a judgment here. Appellee may be able to strengthen his case on another trial. Therefore, holding that the verdict has no support under authority of Houston E. & W. T. Railway Co. v. Peterson (Tex. Civ. App.) 227 S. W. 747, we reverse the judgment of the lower court and remand this cause for a new trial.

Reversed and remanded.

## On Rehearing.

Appellee complains of our conclusions of fact. This criticism is without merit. We adopted from his brief his own statement of the nature and result of this suit, and the facts upon which we based our opinion, except in matters that appeared without controversy, were taken from his statement.

■ Appellant asks us to reverse and render judgment in its favor rather than reverse and remand, advancing the proposition that "a case should not be reversed in order to give the losing party an opportunity to strengthen his case upon another trial," citing Harris v. Shafer, 86 Tex. 314, 23 S. W. 979, 24 S. W. 263, and Simmons v. Dickson, 110 Tex. 230, 213 S. W. 612, 218 S. W. 365. These authorities announce appellant's proposition, but not in support of the facts of this appeal. These authorities simply hold that, where one loses his case in the trial court, the appellate court will not reverse the judgment of the trial court, when properly rendered upon the evidence adduced, to give the losing party an opportunity to introduce testimony not offered upon the trial. Where the judgment of the successful party in the trial court is reversed as being without support, the case should be remanded for a new trial, unless it can be said, from the record, with reasonable certainty, that appellee will not be able to strengthen his case on another trial. This was the reason for the reversal of the Peterson Case cited in the original opinion, and the proposition was directly announced by us in Houston E. & W. T.

Railway Co. v. McHowell (Tex. Civ. App.) 278 S. W. 258. It is the established practice in this case.

■ Both parties complain of the order of the trial court taxing the costs of the lower court, and on rehearing ask us to determine the merits of their respective propositions. Appellee instituted this suit in justice court and had appellant duly cited. When the case was called for trial both parties appeared and announced ready for trial. After making a proper statement of their respective pleadings, appellee declined to offer any testimony whatever in support of his demand, whereupon the justice of the peace rendered judgment in favor of appellant. Appellee then prosecuted his appeal to the county court, where, upon trial regularly had, judgment was in his favor for the amount of his demand, together with the costs of both courts. Upon motion of appellant to retax the costs, the county court adjudged the costs of the justice court against appellee and the costs of the county court against appellant. Appellant insists that judgment should have been in its favor for the costs of both courts, and appellee makes the like contention. While article 2065, R. C. S., provides that the successful party shall recover his costs, article 2066 provides that, for good cause, the costs may be adjudged otherwise. As a matter of law, upon facts identical with the facts before us, article 2066 has been construed as entitling appellant to the costs of the county court. Judgment should have been in appellant's favor of the costs of the county court, and error was committed in adjudging these costs against it. Texas & P. Railway Co. v. Wheeler, 99 Tex. 428, 90 S. W. 482; Houston & T. C. Railway Co. v. King (Tex. Civ. App.) 160 S. W. 647; Cage v. King (Tex. Civ. App.) 159 S. W. 174; Missouri, K. & T. Railway Co. v. Milliron, 53 Tex. Civ. App. 325, 115 S. W. 655. Additional authorities can be found by following these citations through Shepard's Southwestern Citations.

On authority of these cases, even if it were an issue of discretion, under article 2066, the trial court did not err in taxing the justice court costs against appellee. We think, though, as a matter of law, appellant was entitled to the costs of both lower courts. The reasons for this proposition are clearly stated in the cases cited.

Except as indicated, the motions for rehearing of both parties are in all things overruled.