## PAIR v. BUCKHOLT.

No. 3998.

Court of Civil Appeals of Texas. Amarillo.

April 5, 1933.

Rehearing Denied May 24, 1933.

464

Thomerson & Wilson, of Amarillo, for appellant.

O. L. Bell, of Quanah, for appellee.

HALL, Chief Justice.

The appellant, Pair, a resident of Potter county, owned a car which was wrecked and damaged in Hardeman county and he employed Buckholt Brothers Garage at Quanah to repair the car. He paid $100 in advance and when informed by Buckholt Brothers that his car had been repaired, he gave them a check for $131.80 additional in full of all charges. Afterwards and before leaving Quanah he discovered that, as alleged, the car was defective and had not been repaired, so he wired to his bank in Amarillo and stopped payment on his check. This suit was filed by O. K. Buckholt, one of the owners of Buckholt Brothers Garage, to recover the $131.80. The suit was filed in Precinct No. 1 of Hardeman county, and Pair filed his plea of privilege to be sued in Potter county, which was overruled. From this ruling Pair appealed to the county court of Hardeman county and the main case in the justice court was continued pending the disposition of the plea of privilege. The plea was submitted in the county court, but the judgment upon it was set aside and the hearing was continued from term to term, but without prejudice to the plea.

Subject to his plea, Pair answered in justice court and by cross-action sought to recover the original $100 paid Buckholt Brothers.

The record discloses that, while the plea of privilege was pending in the county court, "it was agreed between the attorneys representing the parties that since plaintiff's attorney lived in Quanah and the defendant's attorney in Amarillo, it would simplify matters for plaintiff to have judgment rendered against himself in the Justice Court on the main case and prosecute his appeal to the County Court on the main case, whereupon the appeal on the plea of privilege could be consolidated with the appeal on the main case and the entire case determined at a single sitting, at which the plea of privilege could be determined just as any other question in the main case. This procedure was followed."

After the agreed judgment was entered denying O. K. Buckholt a recovery in the justice court, the transcript and original papers were sent to the county court and upon a trial there resulted in a judgment in favor of Buckholt against appellant in the sum of $131.80, and costs.

The appeal to this court will have to be dismissed on account of the fact that the appeal from the justice court was from a judgment rendered by agreement in that court. As said in Posey v. Plains Pipe Line Co. (Tex. Civ. App.) 39 S.W.(2d) 1100: "The general rule is that a party cannot complain of a judgment or decree rendered by consent or on agreement, nor can he appeal or sue out a writ of error to have the same reviewed, even though there has been an attempt to reserve the right to appeal. 3 C. J. 671. It is held in Texas that a judgment by consent of parties waives all errors committed before its rendition, and they will not be noticed by the appellate court. [Citing authorities.] Craighead v. Bruff (Tex. Civ. App.) 55 S. W. 764, holds that an agreement for judgment precludes the raising of questions as to jurisdiction. Of course, if the county court had no jurisdiction of the subject-matter, an agreed judgment would not waive the want of jurisdiction, but the amount involved herein is appealable to the county court."

See, also, Dickson v. McLaughlan (Tex. Civ. App.) 51 S.W.(2d) 628.

Since the agreed judgment in the justice court would not support an appeal to the county court, that court acquired no jurisdiction of the controversy and the effect of the agreed judgment was to waive the plea of privilege. When the court a quo has no jurisdiction, this court acquires none by an appeal or writ of error. Rasco v. H. & T. C. R. R. (Tex. Civ. App.) 261 S. W. 449; 3 Tex. Jur. § 32.

Because we have no jurisdiction of a case appealed from the county court which had no jurisdiction, we are not permitted to consider the various contentions urged in the briefs of appellant and we therefore reverse the judgment of the county court and dismiss the appeal.