## HALL v. McKEE.

### No. 14620.

Court of Civil Appeals of Texas.

Fort Worth.

March 31, 1944.

J. Rob Griffin, of Fort Worth, for appellant.

J. Elwood Winters, of Fort Worth, for appellee.

McDONALD, Chief Justice.

This is a forcible detainer suit. Appeal lies to this court by reason of the fact that judgment for damages in the sum of $161.-30 was rendered against appellants in the county court. Article 3992, Revised Civil Statutes.

The judgment of the justice court, as shown in the transcript, recites that the parties appeared and announced ready for trial, that the jury was waived, that the matters of fact as well as of law were submitted to the court, and that the court, after hearing and fully considering same and being advised that the plaintiff and defendants had agreed that a judgment be entered in favor of the latter, decrees that plaintiff take nothing by his suit. Immediately following the signature of the justice of the peace appears a notation to the effect that the plaintiff excepts and gives notice of appeal to the county court at law.

Plaintiff in due time filed an appeal bond, and a transcript was filed in the county court. Defendants filed in the county court a plea in abatement, alleging that the judgment in the justice court was rendered upon agreement of the parties, and averring that the county court had no jurisdiction of the appeal.

The county court heard the plea in abatement, and entered an order thereon reciting that the court heard the plea and the evidence in support thereof, and that the court was of opinion that the plea should be overruled.

At a later date the case was tried on the merits, and judgment rendered in favor of plaintiff, the appellee here, both for possession of the property, and for damages.

Appellants contend that the plea in abatement should have been sustained, and that the county court should have dismissed the appeal. The prayer in their brief is that the judgment of the county court be reversed, and that the judgment of the justice court be affirmed.

Appellants' contention is based upon the familiar rule that the appellate courts will not reverse an agreed judgment.

"The general rule is that a party may not complain of a judgment rendered by consent or agreement. Such a judgment waives all errors committed before its rendition except such as involve the jurisdiction of the court." 25 Tex.Jur. 390.

Appellants argue that the effect of this rule is to deprive the appellate court of jurisdiction of the appeal. They contend that the county court acquired no jurisdiction of the appeal from the justice court, and had no authority to try the case. They cite Pair v. Buckholt, Tex.Civ.App., 60 S.W.2d 463, the opinion in which declares that the county court acquires no jurisdiction of an appeal from an agreed judgment rendered in the justice court. We find ourselves unable to agree with the holding in the cited case. We believe that it overlooks certain essential features of appeals from justice to county courts. The basis of

the general rule is that the appellant may not complain of errors which were committed at his invitation or pursuant to his agreement. In appeals from county or district courts to Courts of Civil Appeals, the appellate courts will reverse only for errors committed in the court below. If no errors were committed, or if they were invited by appellant, the judgment of the lower court will not be reversed. The appellate courts do not hear the cases de novo, they only determine whether there is error in the judgment of the trial court. Quite different are the appeals from justice courts to county courts. In the latter, it is immaterial whether error was committed in the justice court. No inquiry is made in the county court to determine whether errors were committed in the justice court. The judgment of the justice court is neither affirmed nor reversed. The perfection of the appeal vacates the justice court judgment, and thereafter there is no judgment until and when the county court renders a judgment on the trial de novo. 26 Tex. Jur. 887, and cases there cited.

In the present case, the perfection of the appeal vacated the judgment of the justice court. The only statutory conditions restricting the right of appeal are that the judgment be final, and, in proper cases, that the amount involved be over twenty dollars. To illustrate the inapplicability of the general rule prohibiting reversals of agreed judgments to the case at bar, let us suppose that plaintiff did not in fact agree to the rendition of the judgment. What would have been his remedy? He was not required under justice court practice to file a motion for new trial. He would only have done what he did in this case—give notice of appeal and file an appeal bond. The county court would not then undertake to decide whether the justice of the peace was correct in saying that the parties had agreed to the judgment, nor would the county court undertake to decide whether the justice of the peace committed any other error. The county court would simply try the case de novo, considering only such evidence as might be introduced in the county court, and would examine the judgment of the justice court only to determine whether it was a final judgment, and whether the justice court had jurisdiction.

The opinion in Pair v. Buckholt cites no other case involving an appeal from an agreed judgment rendered in the justice court, and relies entirely on cases involving judgments entered by agreement in the county or district courts. There are, however, three decisions which have come to our notice which do involve judgments rendered in the justice court by agreement, or by request of the party who appealed. In all of them it is held that an appeal lies to the county court.

In Texas & P. R. Co. v. Wheeler, 99 Tex. 428, 90 S.W. 481, 482, Wheeler instituted suit in the justice court for $180. Judgment in favor of Wheeler was rendered in the justice court for $110, and Wheeler appealed to the county court. In the latter court the defendant filed a verified motion to dismiss the appeal, based on the ground that in the justice court the plaintiff's attorney, after introducing all the plaintiff's evidence, asked that judgment be rendered in favor of plaintiff for $110, and no more, although the evidence showed plaintiff's damages to be more than $110. Defendant's attorney insisted that, if judgment be rendered at all for plaintiff, it should be for the full amount shown by the evidence. The justice court granted plaintiff's request, and rendered judgment for only $110, and from that judgment plaintiff appealed to the county court. Upon the presentation of such motion to the county court, plaintiff admitted the facts alleged in the motion to be true. The county court overruled the motion, and error was assigned in the Court of Civil Appeals. Upon the trial on the merits in the county court, judgment was rendered in the county court in the sum of $180. The court of Civil Appeals certified questions to the Supreme Court, the first question inquiring whether the county court erred in refusing to dismiss the appeal. The Court of Civil Appeals also stated the question alternatively as follows:

"In other words, was appellee estopped from appealing from said judgment because of his conduct in insisting upon and securing at the hands of the justice of the peace a judgment for only $110, when all the evidence showed that, if he was entitled to recover at all, he was entitled to recover the sum of $180, the amount sued for?"

The Supreme Court answered the question in the negative, saying that the statutes authorize any party to appeal when the judgment or amount in controversy exceeds $20, that the method of appeal is prescribed by statute, and that when the appeal bond

is filed the appeal is perfected and the jurisdiction of the county court attaches to the cause, and that the judgment of the justice court is set aside and annulled. The statutes cited are what now appear, respectively, as Articles 2454, 2456 and 2458.

In Cage v. King, Tex.Civ.App., 159 S.W. 174, opinion by Mr. Chief Justice Conner of this court, plaintiff requested that judgment be entered in the justice court in favor of defendant, and then appealed. Defendant filed a motion in the county court asking that the appeal be dismissed. This court held, following Texas & P. R. Co. v. Wheeler, supra, that the county court properly declined to dismiss the appeal.

In Missouri, K. & T. R. Co. v. Whitfield, Tex.Civ.App., 123 S.W. 710, the justice court judgment was rendered by consent of the parties. The county court overruled a motion to dismiss the appeal. Affirmance followed in the Court of Civil Appeals.

■ Even in appeals from consent judgments rendered in the county or district courts, there is no lack of jurisdiction in the appellate court merely because the judgment below was entered by consent. The rule simply is that the appellate court will not reverse for an error that has been waived. It is not necessary to cite the numerous kinds of errors that can be waived, and thus not constitute grounds for reversal, and the act of consenting to entry of a judgment is a waiver of all errors theretofore committed. But the fact still remains that the waiver of some or all errors does not deprive the appellate court of jurisdiction. The appellate court has jurisdiction of the appeal, but will not reverse for errors, one or all, that have been waived by the appealing party. The difficulty in applying this rule to appeals from the justice court to the county court lies in the fact that once the county court acquires jurisdiction by perfection of the appeal, it cannot affirm or reverse the judgment of the justice court, nor can it remand the cause to the justice court. Our rules of procedure permit only that the county court try the case de novo, or dismiss it should it not be prosecuted. And even in the latter situation, the dismissal does not revive the justice court judgment. Bender Bros. v. Lockett, 64 Tex. 566; Zurich General Accident & Liability Ins. Co. v. Rodgers, 128 Tex. 313, 97 S.W.2d 674. Had the county court in the case before us dismissed the appeal the justice court judgment would not have been revived, which result in itself would destroy the efficacy of the rule which prevents, in other kinds of appeals, the reversal of an agreed judgment.

■ But even if we be in error in the views just expressed, we must affirm the judgment of the county court for another reason. The order of the county court overruling the plea in abatement recites that the court was of opinion, after hearing the evidence in support of the plea, that it should be overruled. There is neither a statement of facts nor bill of exceptions in the record showing what evidence was adduced in support of the plea in abatement. As we have said, if the plaintiff did not in fact agree to the entry of the judgment, his remedy was to file the usual appeal bond. If, under the view adopted in Pair v. Buckholt, supra, it was material whether the judgment was entered by consent, then it became necessary for the county court to ascertain whether or not it was an agreed judgment. The court heard the plea in abatement which raised this issue, and overruled it. Applicable, then, are the rules stated in 1 Tex.Jur. 189–191. The record must be sufficient to enable the appellate court to review the errors complained of, and unless the appellant shows error the action of the trial court in passing on the plea must be upheld. Where the evidence given on the hearing of the plea is not preserved by a bill of exceptions or statement of facts, and it therefore cannot be determined what evidence the lower court acted on, it will be presumed that the trial court had evidence before it to support the findings and to authorize the judgment. The mere averment of facts in the plea in abatement, without proof of them, is insufficient unless the truth of the matters alleged appears from the plaintiff's petition. 1 Tex.Jur. 181. So it must follow that, if the county court had any authority to inquire into the question of whether the judgment was entered by agreement, the presumption must obtain here, in the absence of any showing as to the evidence considered by him, that his order overruling the plea in abatement was based on evidence that the judgment was not in fact entered by agreement.

Under either of the above views, the judgment of the trial court must be affirmed, and it is so ordered.