**Bobby J. MULLINS d/b/a Chip Kickers Club, Relator,**

v.

**Hon. Charles COUSSONS, Judge, County Court at Law No. 4 and Sugar Pine/1960 Joint Venture, Respondents.**

No. A14–87–00631–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 1, 1987.

Lester R. Buzbee, III, Houston, for relator.

Joseph O. Slovacek, Houston, for respondents.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

**OPINION**

J. CURTISS BROWN, Chief Justice.

This is a forcible detainer action in which relator seeks a writ of mandamus. After the justice of the peace court had entered an agreed judgment, respondent appealed to County Court at Law Number 4. The county court at law granted a summary judgment in favor of respondent.

Relator relies upon the theory that the county court at law obtained no jurisdiction because the justice of the peace court below had entered an agreed judgment. In addition, relator attempts to assert that the county court at law abused its discretion in granting summary judgment in favor of respondent. We find no grounds upon which to grant the writ of mandamus.

In a forcible detainer suit, an agreed judgment in the justice court does not deprive the county court of jurisdiction to hear the case in a trial de novo. *See generally Hall v. McKee*, 179 S.W.2d 590 (Tex.Civ.App.—Fort Worth 1944, no writ). Either party may appeal from a final judgment in a forcible detainer case to the county court of the county in which the judgment is rendered. Tex.R.Civ.P. 749. Perfection of an appeal to the county court from a justice court for trial de novo vacates and annuls the judgment of the justice court. *Poole v. Goode*, 442 S.W.2d 810, 812 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd, n.r.e.). Relator contends that, as the judgment was by agreement, no appeal should have been allowed. Therefore, argues relator, the county court acquired no jurisdiction and could only dismiss the action. In support of his argument, relator relies upon *Pair v. Buckholt*, 60 S.W.2d 463 (Tex.Civ.App.—Amarillo 1933, no writ). No court has ever relied on *Buckholt* for this proposition. The ratio-

nale underlying *Buckholt* is that no party who by agreement or representation induced the trial court to enter a judgment may thereafter challenge that judgment on appeal. The rationale is valid. However, in Texas this theory has always presented a question of waiver or estoppel rather than a question of jurisdiction. *See, e.g., Litton Industrial Products, Inc. v. Gammage,* 668 S.W.2d 319, 322 (Tex.1984) (Pope, J.); *Lessing v. Cunningham & Hardee,* 55 Tex. 231, 234 (1881); *Russell v. Dunn Equipment, Inc.,* 712 S.W.2d 542, 545 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Travelers Insurance Co. v. Williams,* 603 S.W.2d 258, 262 (Tex.Civ. App.—Corpus Christi 1980, no writ). Therefore, the county court properly exercised its jurisdiction.

█ This court lacks jurisdiction to pass on relator's allegation that the county court improperly rendered summary judgment. Texas Property Code § 24.007 prohibits appeal from final judgments of county courts in forcible entry and detainer suits or forcible detainer suits on the issue of possession unless the premises in question are being used for residential purposes only. A party to a forcible detainer suit in a county court cannot use a writ of mandamus to accomplish an appeal prohibited by this statute. *See Cavazos v. Hancock,* 686 S.W.2d 284, 287 (Tex.App.—Amarillo 1985, no writ). To allow the use of a writ of mandamus to control the county court's non-appealable exercise of discretion would permit the very appeal the Texas Property Code § 24.007 was enacted to prohibit. *Cf. Ogburn v. Blackburn,* 697 S.W.2d 822, 823–24 (Tex.App.—Amarillo 1985, no writ). Consequently, relator's petition for writ of mandamus is denied.