Opinion issued June 24, 2004








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00446-CV




ANTONIO J. VILLALON, Appellant

V.

BANK ONE, TRUSTEE, Appellee




On Appeal from the County Court at Law No. 3 
Fort Bend County, Texas
Trial Court Cause No. 21759 




O P I N I O N
          This appeal arises from a forcible detainer action initiated in justice court by
Bank One, acting as trustee, against Antonio J. Villalon (“Villalon”), after a
foreclosure of real property at 4111 Laguna Circle Missouri City, Texas.


 Villalon
appealed the justice court’s judgment to county court. Following a de novo bench
trial, the county court judge signed a judgment awarding possession of the property
to Bank One. Challenging the county court’s judgment in this Court, Villalon raises
two issues. Villalon contends that (1) he was denied due process because he did not
receive notice of the trial setting in the justice court and (2) the provisions of the deed
of trust, which establishes the landlord-tenant relationship between Villalon and the
bank, cannot be enforced because Bank One’s agents did not comply with certain
provisions of the federal Fair Debt Collection Practices Act (“FDCPA”)


 in
conjunction with the foreclosure action.
          We affirm.
Background
          Villalon was the record owner of real property located at 4111 Laguna Circle
Missouri City, Texas (“the property”). Villalon became delinquent in paying his
mortgage and eventually defaulted on his note. In response, Bank One accelerated
the note and foreclosed on the property under a deed of trust. Bank One was the
successful bidder at the foreclosure sale. The bank filed a forcible detainer action in
justice court, alleging that it was the owner of the property under a substitute trustee’s
deed and that Villalon refused to vacate the property. 
          Villalon filed an answer in the justice court alleging, in part, that the deed of
trust securing the promissory note on the property could not be enforced because
Bank One’s collection agents had not complied with certain provisions of the
FDCPA. Although he filed an answer, Villalon did not receive notice of the trial
setting in justice court. Following a bench trial, the justice court signed a judgment
awarding Bank One immediate possession of the property. Villalon appealed the
justice court’s judgment to the county court by filing a $7,500 bond. 
          In the county court, Villalon’s attorney stipulated on the record to the
following: (1) Villalon financed the purchase of the property with a promissory note
that was secured by a deed of trust; (2) Bank One foreclosed on the property and was
the successful bidder at the foreclosure sale; and (3) the deed of trust provided that
Villalon and all other occupants of the property became tenants in sufferance
following a foreclosure sale. Despite these stipulations, Villalon also requested the
county court to dismiss Bank One’s forcible detainer action on the basis that he had
a constitutional right to notice of the trial setting in the justice court. Bank One
responded that any “error” that occurred relating to Villalon’s lack of notice of the
justice court trial setting was cured by the trial de novo Villalon received in the
county court.
          Villalon also reasserted his defense that the deed of trust could not be enforced
because, in pursuing the foreclosure action, the bank’s agents had not complied with
certain provisions the FDCPA. Bank One responded that Villalon’s FDCPA defense
related to whether Bank One had proper title to the property—an issue that neither
the justice court nor the county court had jurisdiction to decide in a forcible detainer
action. The county court agreed that it was without authority to decide title issues. 
Based on the stipulated facts and evidence presented, the county court judge signed
a judgment awarding Bank One possession of the property. Villalon appeals the
county court judgment in this Court.
No Notice of Trial Setting in Justice Court
          In his first issue, Villalon contends that the trial court erred in failing to dismiss
Bank One’s forcible detainer action “when it found out that Villalon had not received
notice of the trial setting in the justice court.” Villalon asserts that the justice court’s
judgment was void because he had not received notice of the trial setting. Villalon
further asserts that “the County Court had no jurisdiction to hear Bank One’s suit
since its authority is based on the appeal of a valid judgment from the Justice Court.” 
Under this point, Villalon also contends that the de novo trial he received in the
county court did not ameliorate the violation of his due process rights. 
          Undoubtedly, the appellate jurisdiction of a statutory county court is confined
to the jurisdictional limits of the justice court, and the county court has no jurisdiction
over an appeal unless the justice court had jurisdiction. See Aguilar v. Weber, 72
S.W.3d 729, 731 (Tex. App.—Waco 2002, no pet.). When appeal is taken from a
void judgment, the appellate court must declare the judgment void. See Fulton v.
Finch, 346 S.W.2d 823, 827 (Tex. 1961); Dallas County v. Sweitzer, 971 S.W.2d 629,
630 (Tex. App.—Dallas 1998, no writ). Because the appellate court may not address
the merits in such instances, it must set aside the trial court’s judgment and dismiss
the appeal. See Mellon Serv. Co. v. Touche Ross & Co., 946 S.W.2d 862, 864 (Tex.
App.—Houston [14th Dist.] 1997, no writ). 
          However, in this matter the justice court’s judgment was not “void,” as Villalon
claims. A judgment is void only when it is apparent that the court rendering the
judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no
jurisdiction to enter the judgment, or no capacity to act as a court. Mapco, Inc. v.
Forrest, 795 S.W.2d 700, 702 (Tex. 1990). Unlike the requirements for service of
citation, strict compliance with the rules governing notice of a trial setting is not
necessary to the trial court’s jurisdiction. See Prihoda v. Marek, 797 S.W.2d 170,
171 (Tex. App.—Corpus Christi 1990, writ denied). Here, it is undisputed that
Villalon received service of citation and answered in the justice court. Thus, the
justice court’s judgment was not void as claimed by Villalon. 
          Moreover, it is well-settled that perfection of an appeal to county court from
a justice court for trial de novo vacates and annuls the judgment of the justice court. 
See Mullins v. Coussons, 745 S.W.2d 50, 50 (Tex. App.—Houston [14th Dist.] 1987,
no writ); Poole v. Goode, 442 S.W.2d 810, 812 (Tex. Civ. App.—Houston [14th
Dist.] 1969, writ ref’d, n.r.e.). Once a county court acquires jurisdiction by perfection
of an appeal from justice court, the rules of procedure permit only that the county
court try the case de novo or dismiss it if it is not prosecuted. Hall v. McKee, 179
S.W.2d 590, 593 (Tex. App.—Fort Worth 1944, no writ). A county court cannot
affirm or reverse the judgment of the justice court nor can it remand the cause to the
justice court. Id. Thus, it logically follows that, absent an agreement of the parties,
the county court in this case was also without authority to dismiss the forcible
detainer action based on any violation of Villalon’s due process rights for lack of
notice of the justice court’s trial setting. 
          Under the facts of this case and the applicable law, we hold that the county
court properly refused to dismiss Bank One’s forcible detainer action based on
Villalon’s claim that he was denied due process.
          We overrule point of error one. 
FDCPA Violation
          In point of error two, Villalon contends that the county court erred “in not
dismissing Bank One’s suit when Villalon introduced undisputed evidence that Bank
One’s debt collectors had not complied with” the provisions of the FDCPA that
require debt collectors to verify certain information related to a disputed debt. See
15 U.S.C. § 1692g(a),(b). Villalon asserts that the foreclosure of the property was
wrongful because Bank One had not complied with the cited FDCPA provisions. 
Because the foreclosure was wrongful, Villalon argues, the provision of the deed of
trust providing that Villalon became a tenant at sufferance following foreclosure was
not enforceable. Without that provision, Villalon contends, Bank One could not show
that a landlord-tenant relationship existed between the parties—an element necessary
to a successful forcible detainer action.
          To preserve the simplicity and speedy nature of the remedy of forcible detainer,
the applicable rule of civil procedure provides as follows: “[T]he only issue shall be
as to the right to actual possession; and the merits of the title shall not be
adjudicated.” Tex. R. Civ. P. 746. Thus, the sole issue in a forcible detainer action
is who has the right to immediate possession of the premises. Ward v. Malone, 115
S.W.3d 267, 270 (Tex. App.—Corpus Christi 2003, pet. denied). To prevail in a
forcible detainer action, a plaintiff is not required to prove title but is only required
to show sufficient evidence of ownership to demonstrate a superior right to immediate
possession. Rice v. Pinney, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). 
If the question of title is so intertwined with the issue of possession, then possession
may not be adjudicated without first determining title. Dormady v. Dinero Land &
Cattle Co., 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism’d). In a
case involving a genuine issue of title, neither the justice court nor the county court
on appeal has jurisdiction. Rice, 51 S.W.3d at 709; Haith v. Drake, 596 S.W.2d 194,
196 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref’d n.r.e.).
          Because a forcible detainer action is not exclusive, but cumulative, of any other
remedy that a party may have in the courts of this state, the displaced party is entitled
to bring a separate suit in the district court to determine the question of title. Scott v.
Hewitt, 90 S.W.2d 816, 818-19 (Tex. 1936); Dormady, 61 S.W.3d at 558; Rice, 51
S.W.3d at 709. Forcible detainer actions in justice courts may be brought and
prosecuted concurrently with suits to try title in district court. Dormady, 61 S.W.3d
at 558; Rice, 51 S.W.3d at 709; Haith, 596 S.W.2d at 196.
          In the county court, Bank One established that it is the owner of the property
by virtue of a deed from the substitute trustee following the foreclosure sale. The
landlord-tenant relationship between Bank One and Villalon was established in the
deed of trust. The landlord-tenant relationship established in the deed of trust
provided a basis for the county court to determine that Bank One had the right to
immediate possession without resolving whether Bank One wrongfully foreclosed on
the property, an issue relating directly to who has title to the property. Villalon has
the right to sue in district court to determine whether Bank One’s deed should be
cancelled because of wrongful foreclosure.


 See Dormady, 61 S.W.3d at 559;
Martinez v. Beasley, 572 S.W.2d 83, 85 (Tex. Civ. App.—Corpus Christi 1978, no
writ). Such determination is independent of the county court’s determination in the
forcible detainer action that Bank One is entitled to immediate possession of the
property. See Dormady, 61 S.W.3d at 559; Martinez, 572 S.W.2d at 85. We hold that
the county court properly refused to dismiss the forcible detainer action on the basis
that Bank One’s agents had not complied with the FDCPA. 
          We overrule Villalon’s point of error two.
 

Conclusion
          We affirm the judgment of the trial court.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Alcala, and Higley.