**Affirmed and Memorandum Opinion filed July 22, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00397-CV

---

### BENEDICT EMESOWUM, Appellant

### V.

### CHRISTMAS EVE MORGAN, Appellee

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1024921**

---

# MEMORANDUM OPINION

This is an appeal from a county court at law's judgment following a trial de novo on appeal from a small claims court's judgment. No record was made of the trial in the county court at law. The appellant did not request a record of the trial in the county court at law, nor did he object to the failure of the court reporter to make a record. To the extent the appellant seeks reversal of the county court at law's judgment based on the court reporter's failure to make a record of the trial,

the appellant has not preserved error. Because no record was made, we presume that the trial proceedings support the county court at law's judgment. We affirm.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Appellee Christmas Eve Morgan filed suit in small claims court against her ex-boyfriend, appellant Benedict Emesowum seeking to recover damages based on his alleged retention of her property after their relationship ended. She also sought compensation for missed school and a missed employment opportunity. Emesowum filed a counterclaim seeking to recover damages based upon Morgan's alleged theft of his property. The small claims court issued a judgment for $1305.76. in Morgan's favor.

Emesowum appealed the judgment of the small claims court to the county court at law for a trial de novo. The county court at law conducted a bench trial at which Emesowum and Morgan appeared and at which evidence was offered. After trial, the county court at law rendered judgment that Emesowum take nothing. In its final judgment, the county court at law disposed of all claims and all parties, without granting Morgan any relief other than taxing all court costs in her favor. Thus, under the county court at law's judgment, neither Emesowum nor Morgan recovered on their claims.

Emesowum, acting pro se, timely filed this appeal.[1] Morgan did not appeal.

---

[1] In 2009, the Texas Legislature amended former Tex. Gov't Code Ann. Section 28.053 to grant courts of appeals appellate jurisdiction over county-court-at-law cases that had been appealed from small claims courts. *See* Act of June 1, 2009, 81st Leg., R.S., ch. 1351, §§ 9, 14, 15, 2009 Tex. Gen. Laws 4273, 4274, 4282, *repealed by*, Act of June 29, 2011, 82d Leg., 1st C.S., ch. 3, § 5.06, 2011 Tex. Sess. Law Serv. 116, 135. In 2011, the Texas Legislature abolished all small-claims courts effective May 1, 2013. *See* Act of June 29, 2011, 82d Leg., 1st C.S., ch. 3, §§ 5.02, 5.06, 5.09, 2011 Tex. Sess. Law Serv. 116, 134–35.

## II.    ISSUES AND ANALYSIS

Construing Emesowum's appellate brief liberally, he asserts various arguments in support of the propositions that (1) the evidence is legally and factually insufficient to support the small claims court's judgment; and (2) the evidence is legally and factually sufficient to support the county court at law's judgment.  Emesowum also complains that the court reporter did not make a record of the trial proceedings in the county court at law.[2]

### A. Are the appellant's complaints regarding the small claims court's judgment moot?

Under a liberal construction of Emesowum's appellate brief, he asserts various arguments as to why the evidence is legally and factually insufficient to support the small claims court's judgment.  But, when Emesowum perfected his appeal to the county court at law from the small claims court for a trial de novo, the judgment of the small claims court was vacated and annulled.  *See* Act of June 1, 2009, 81st Leg., R.S., ch. 1351, §7, 2009 Tex. Gen. Laws 4273, 4274 (stating that, except to the extent of any conflict with this subchapter, an appeal from the judgment of a small claims court is in the manner provided for by law for appeals from the judgment of a justice court), *repealed by*, Act of June 29, 2011, 82d Leg., 1st C.S., ch. 3, § 5.06, 2011 Tex. Sess. Law Serv. 116, 135; *Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (stating that perfection of appeal to the county court at law from justice court for a trial de novo vacates and annuls the judgment of the justice court); *Mullins v. Coussins*,

---

[2] Emesowum also challenges the county court at law's denial of his claim of indigence.  This court previously construed Emesowum's challenge as a timely motion to review the county court at law's decision under Texas Rule of Appellate Procedure 20.1(j) (stating that when a party claiming indigence challenges the order sustaining a contest, the motion must be filed within ten days of the court's ruling, or within ten days after notice of appeal is filed, whichever is later). This court issued an order disposing of this issue on June 10, 2013.

745 S.W.2d 50, 50 (Tex. App.—Houston [14th Dist.] 1987, no writ) (same as *Villalon*). Because the small claims court's judgment has been vacated and annulled, all of Emesowum's complaints about that judgment are moot.

### B. Did the appellant preserve error as to his complaint that the court reporter did not make a record of the trial proceedings in the county court at law?

On appeal, Emesowum complains that the court reporter did not make a record of the trial proceedings in the county court at law. He asserts that the court reporter was required to make a record of these trial proceedings. Texas Rule of Appellate Procedure 13.1 states that the official court reporter must make a full record of court proceedings "unless excused by agreement of the parties." Tex. R. App. P. 13.1(a). Under Texas Government Code section 52.046, the official court reporter shall make a full record of court proceedings "[o]n request." Tex. Gov't Code Ann. § 52.046(a)(2); *Nabelek v. District Attorney of Harris County*, 290 S.W.3d 222, 230–31 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

Emesowum does not assert that he requested the court reporter to make a record of the trial proceedings, nor does he assert that he timely objected to the court reporter's failure to make such a record.[3] In any event, the record does not reflect that Emesowum requested the court reporter to make a record of the trial proceedings or that he timely objected to the court reporter's failure to make such a record.[4] Therefore, Emesowum failed to preserve error regarding his complaint

---

[3] Pro se litigants must comply with the applicable procedural rules, and we hold them to the same standards that apply to licensed attorneys. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) (holding that litigants who represent themselves must comply with procedures established by the rules notwithstanding the fact that they are not licensed attorneys).

[4] There are various ways that the record could reflect these matters, such as by a bystander's bill of exception, a stipulation, or another document filed in the county court at law.

that the court reporter did not make a record of the trial proceedings.[5] *See Nabelek*, 290 S.W.3d at 230–32.

### C. May this court review the sufficiency of the evidence without a record of the trial proceedings?

Our appellate record contains no record of the proceedings at trial because no record was made. In the absence of a complete record, certain presumptions apply, unless the appeal is based upon a partial reporter's record. Emesowum has not undertaken an appeal based upon a partial reporter's record, so this is not a case under Texas Rule of Appellate Procedure 34.6(c), which governs partial-record appeals. *See* Tex. R. App. P. 34.6(c); *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002). Therefore, unless our appellate record contains a complete record of the trial, we presume the omitted portions are relevant to the disposition of this appeal. *See Wilson v. Patterson*, No.14-10-00943-CV, 2011 WL 4924252, at *1 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Because our appellate record contains no record of the trial proceedings, we presume that the trial evidence was legally and factually sufficient to support the county court at law's judgment, and we do not reach the merits of Emesowum's arguments regarding the sufficiency of the evidence. *See id.* at *1–2.

### III.   CONCLUSION

The small claims court's judgment has been vacated, and all of Emesowum's complaints about that judgment are moot. Because Emesowum failed to preserve error regarding his complaint that the court reporter did not make a record of the trial proceedings in the county court at law, his challenge on that

---

[5] We need not address the differences between Government Code section 52.046 and Texas Rule of Appellate Procedure 13.1(a) because under either provision, Emesowum failed to preserve error.

basis fails.  And, because we have no record of the evidence presented during these proceedings, we presume that this evidence was legally and factually sufficient to support the county court at law's judgment.

The county court at law's judgment is affirmed.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Donovan and Brown.

6