Opinion issued September 27, 2016



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-15-00344-CV

_____

**ROLAND JACKSON, Appellant/Cross-Appellee**

**V.**

**DONALD JEFFERSON, Appellee/Cross-Appellant**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1058307**

---

## MEMORANDUM OPINION

Donald Jefferson sued Roland and Kimbanesha ("Kim") Jackson to evict them from his rental property and for delinquent rent. The justice court entered a judgment of possession in Jefferson's favor and assessed $10,000 in delinquent rent against Kim only. Roland appealed to the county court at law, and after a de

novo trial, the county court entered a judgment of possession in Jefferson's favor, with no delinquent rent award. Roland appealed to this court, but we dismiss his appeal for failure to pay the filing fee. Jefferson also appealed, contending that the county court erred in failing to award a money judgment against Kim and Roland for delinquent rent in the amount of $19,200. We affirm.

## Background

In December 2012, Kim leased residential property in Spring, Texas from Jefferson. Kim executed a two-year lease effective December 8, 2012 through December 8, 2014, which obligated her to pay $1,600 monthly rent.

On December 18, 2014, Jefferson sued in justice court to evict Kim and her ex-husband Roland from the property. Jefferson's petition alleged that monthly rent had not been paid on the property since November 2013. The justice court entered a judgment of eviction in Jefferson's favor and also awarded Jefferson delinquent rent in the amount of $10,000 from Kim only. Roland, acting pro se, appealed to the county court at law.

On March 30, 2015, the county court conducted a trial de novo. Jefferson testified that, at the time of trial, he had received $16,000 in monthly rent payments from Kim for December 2012 through September 2013, and zero dollars from Roland in the months since Kim's last payment. According to Jefferson, Kim terminated the lease and Roland assumed the terms and conditions of the lease

2

when Kim moved out and Roland moved in. Jefferson, however, also unequivocally testified that Roland never signed a lease. By Jefferson's calculations, he was owed $19,200 in delinquent rent from the Jacksons— representing 12 months' occupancy at $1,600 per month.

Roland, on the other hand, testified that he had not assumed Kim's lease and instead, that he had made an oral agreement with Jefferson to fix up the property in lieu of paying rent. Roland testified that Kim had been "overwhelmed" by problems with the property, which included rodents in the attic, foundation cracks and plumbing leaks, a poorly maintained pool, and an unkempt yard. Roland maintained that all of these problems existed at the start of Kim's lease and that Jefferson had agreed but failed to address them before Kim moved in. Roland testified that he and Kim agreed that she would move out of the home and that he would move in with their children so that the children would not have to move and change schools.

According to Roland, when he and Kim decided she would move out, he and Jefferson discussed the many problems at the property and agreed that Roland would repair the property to make it livable in lieu of paying monthly rent. Roland testified that, pursuant to this verbal agreement, he immediately starting repairing the property, with some help from Jefferson. And though there were subsequent conversations between Roland and Jefferson about when Roland would start

3

paying rent and in what amount, Roland testified that Jefferson never presented him with a lease. Roland speculated that Jefferson agreed to let Roland work on repairing the house so that he could sell the property.

On cross-examination, Jefferson acknowledged that he received a letter threatening fines because the house's front yard was unkempt. After receiving the letter, Jefferson worked with Roland's cousin, Martin Harris, to improve the front yard. Jefferson maintained that alleged problems with the pool and pool filter were just issues of "normal upkeep." Jefferson agreed that Roland had told him via text that there was a crack in the house's foundation which ran from the pool area to the living room and wash room, that plumbing issues caused the wash room to flood, and that there were rodents in the attic. Notwithstanding Roland's reporting of such issues, Jefferson testified that the house was "one-hundred percent" move-in ready when Kim entered into the written lease. Contrary to Roland's claims of having made property improvements, Jefferson testified that he visited the house while Roland lived there and found it "incredibly filthy."

On April 2, 2015, the county court entered a judgment that Jefferson "does have and recover possession of the premises from Defendant Kim Jackson et al." The county court's judgment did not award Jefferson any money damages.

Roland filed a notice of appeal. Jefferson filed a motion to reform the judgment to include a money judgment against both Roland and Kim in the amount

of $19,200 for delinquent rent. After Jefferson's motion was overruled by operation of law, he also filed a notice of appeal.

**Involuntary Dismissal of Roland's Appeal**

On October 15, 2015, this Court notified Roland that his appeal was subject to involuntary dismissal owing to a failure to pay the required appellate fees or establish indigence for purposes of appellate costs and notifying Roland that his appeal would be dismissed unless he responded within 10 days. *See* TEX. R. APP. P. 5 (requiring payment of fees in civil cases unless indigent and allowing enforcement of rule); 42.3(c) (allowing involuntary dismissal). The Court's notice was returned with the following marked on the envelope: "RETURN TO SENDER[,] NOT DELIVERABLE AS ADDRESSED[,] UNABLE TO FORWARD."

To date, Roland has neither paid the required fees nor attempted to establish indigence for purposes of appellate costs, nor has he provided the Clerk of this Court with any other address. *See* TEX. R. APP. P. 9.1(b) ("A party not represented by counsel must sign any document . . . and give the party's mailing address, telephone number, fax number, if any, and email address."). Accordingly, we dismiss Roland's appeal for failing to either pay the required fees or establish indigence for purposes of appellate costs. *See* TEX. R. APP. P. 5; 42.3(c).

## County Court's Jurisdiction

As a threshold matter, in his first issue, Jefferson suggests the county court may have lacked jurisdiction to render a judgment of eviction against both Kim and Roland, since only Roland filed a notice of appeal from the justice court to the county court. Although typically a notice of appeal filed by one party does not serve to perfect an appeal for another, "it is well-settled that perfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court." *Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). "Once a county court acquires jurisdiction by perfection of an appeal from justice court, the rules of procedure permit only that the county court try the case de novo or dismiss it if it is not prosecuted." *Id.* at 70 (citing *Hall v. McKee*, 179 S.W.2d 590, 593 (Tex. App.—Fort Worth 1944, no writ)). "A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial." TEX. R. CIV. P. 510.10(c).

Thus, Roland's appeal to the county court at law vacated and annulled the justice court judgment in Jefferson's favor. *See Villalon*, 176 S.W.3d at 69–70. In the de novo trial in county court, Jefferson was to present his entire case as if there had been no previous trial on his petition to evict Kim and Roland. *See* TEX. R. CIV. P. 510.10. Jefferson's petition named Kim and Roland as defendants, and the record contains returns of service reflecting that each of Kim and Roland was

served with process. *See Villalon*, 176 S.W.3d at 69–70 (jurisdiction of county court in de novo appeal is co-extensive with justice court's jurisdiction over defendants obtained by virtue of service of citation in justice court). Accordingly, the county court at law acquired jurisdiction over and properly rendered judgment binding Kim and Roland. *See id.*

**Sufficiency of the Evidence**

In his second issue, Jefferson argues that the trial court erred in failing to award him delinquent rent in the amount of $19,200 because, according to Jefferson, he conclusively established his entitlement to such an award with respect to each of Kim and Roland.

**A.      Standard of Review**

When a plaintiff challenges the judgment entered against him following a bench trial and argues that he established his cause of action as a matter of law, we will apply the same standard of review applicable to the denial of a plaintiff's motion for directed verdict. *Olanipekun v. Omokaro*, No. 01-13-00888-CV, 2014 WL 5410058, at *2 (Tex. App.—Houston [1st Dist.] Oct. 23, 2014, no pet.) (mem. op.). We review a trial court's decision to deny a motion for directed verdict under the legal sufficiency standard of review. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005); *see KMG Kanal-Muller-Gruppe Deutschland GmbH & Co. KG v. Davis*, 175 S.W.3d 379, 393 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

When a party attacks the legal sufficiency of an adverse finding on which he had the burden of proof, he must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of his proposed disposition. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *see Rosenblatt v. Freedom Life Ins.*, 240 S.W.3d 315, 318 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

We review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller*, 168 S.W.3d at 822. If the evidence falls within the zone of reasonable disagreement, we may not invade the role of the fact-finder, who alone determines the credibility of the witnesses, the weight to give their testimony, and whether to accept or reject all or any part of that testimony. *Id.*; *see Dyer v. Cotton*, 333 S.W.3d 703, 709 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (in bench trial, as fact-finder, trial court may believe one witness and disbelieve another and resolve inconsistencies in any testimony); *see also Esse v. Empire Energy III, Ltd.*, 333 S.W.3d 166, 177 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) ("trial court acts as fact-finder in a bench trial and is the sole judge of the credibility of the witnesses").

**B.    Applicable Law**

A lease is a type of contract. The essential elements to sustain a breach of contract claim are: (1) existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and

8

(4) damages to the plaintiff resulting from the breach. *Dupree v. Boniuk Interests, Ltd.*, 472 S.W.3d 355, 364 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Pagosa Oil & Gas, LLC v. Marrs & Smith P'ship*, 323 S.W.3d 203, 213 (Tex. App.—El Paso 2010, pet. denied)).

Rule 510 of the Texas Rules of Civil Procedure addresses eviction proceedings and provides that upon a judgment in favor of a plaintiff, "the judge must render judgment for plaintiff for possession of the premises, costs, delinquent rent as of the date of entry of judgment, if any, and attorney fees if recoverable by law." TEX. R. CIV. P. 510.8(b).

## C.    Analysis

Jefferson argues that Rule 510 states that upon judgment in favor of an eviction plaintiff, the judge "must render judgment for . . . delinquent rent." TEX. R. CIV. P. 510.8(b). According to Jefferson, he conclusively proved a breach of the lease and damages in the amount of $19,200 and, accordingly, the trial court erred in failing to enter a judgment awarding delinquent rent in that amount against Roland and Kim.

The evidence at trial showed that the written lease was signed only by Jefferson and Kim, but that no written lease agreement exists between Jefferson and Roland. Jefferson testified that Kim terminated her lease and Roland assumed the terms of the lease when Kim moved out and Roland moved in. But the county

9

court heard conflicting evidence concerning the terms of Jefferson and Roland's oral agreement. According to Jefferson, Roland assumed the terms of Kim's lease agreement, including the terms regarding monthly rent. However, Roland testified that he never agreed to pay any amount of rent and, instead, Jefferson agreed to let Roland stay at the property rent-free while Roland invested his own resources in improving the property. Roland testified that he and Jefferson orally agreed that Roland would not pay rent until Roland had finished making improvements to the property, at which point they would execute a new lease. Roland testified that Jefferson decided to sell the property after Roland improved it, and the parties never executed any lease or came to any alternative agreement about paying monthly rent.

Thus, the county court heard conflicting evidence regarding the terms on which Jefferson agreed that Kim and Roland could occupy the property. *See Esse*, 333 S.W.3d at 177 (appellate court defers to trial court's resolution of conflicts in evidence); *Dyer*, 333 S.W.3d at 709 (same). It was undisputed that Kim paid the rent according to the terms of the lease until September 2013. And Jefferson testified that Kim terminated her lease and Roland moved in to the property on the basis of his oral agreement with Jefferson. But the trial court was not required to accept Jefferson's testimony that the terms of that oral agreement were identical to the terms of the written lease. The trial court reasonably could have credited

Roland's testimony that Jefferson agreed that Roland could occupy the property rent free so long as he made repairs as agreed. Because the evidence falls within the zone of reasonable disagreement, Jefferson has not established his entitlement to delinquent rent as a matter of law. *See City of Keller*, 168 S.W.3d at 822. Accordingly, we hold that the county court at law did not err in failing to award delinquent rent in its judgment or in denying Jefferson's motion to reform the judgment. *See id.*

We overrule Jefferson's second and third issues.

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle


Panel consists of Chief Justice Radack and Justices Higley and Huddle.

11