**Opinion issued September 25, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00678-CV

_____

## IN RE YOGURT CULTURE, INC., Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## SUPPLEMENTAL OPINION ON REHEARING

Relator, Yogurt Culture, Inc., filed a petition for writ of mandamus challenging the county court's judgment awarding Houston House Limited Partnership possession of the leased premises at issue in the underlying forcible detainer action.[1] After our Court denied the petition on August 16, 2018, Yogurt

---

[1] The underlying case is *Houston House Limited Partnership v. Yogurt Culture, Inc., and All Occupants*, cause number 1110605, pending in the County Civil Court at Law No. 4 of Harris County, Texas, the Honorable Sharolyn Wood presiding.

Culture filed a motion for rehearing. We deny the motion for rehearing but issue this supplemental opinion explaining our basis for denying the mandamus petition.

Yogurt Culture leased a commercial space from Houston House Limited Partnership. Alleging violations of the lease, Houston House filed an original petition for eviction in the justice court. The jury rendered a verdict in favor of Houston House. Yogurt Culture appealed the justice court verdict. On de novo appeal, the county court issued a final judgment likewise awarding possession of the premises to Houston House. Yogurt Culture subsequently filed its petition for writ of mandamus challenging the judgment.

Section 24.007 of the Texas Property Code provides that "A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only." TEX. PROP. CODE § 24.007. Because the premises leased by Yogurt Culture were used for commercial purposes, we lack jurisdiction over an appeal as it relates to the issue of possession. A party to an eviction suit in a county court cannot use a writ of mandamus to accomplish an appeal prohibited by Section 24.007. *Mullins v. Coussons*, 745 S.W.2d 50, 51 (Tex. App.—Houston [14th Dist.] 1987, orig. proceeding); *Cavazos v. Hancock*, 686 S.W.2d 284, 287 (Tex. App.—Amarillo 1985, no writ); *see also Chang v. Resolution Tr. Corp*., 814 S.W.2d 543, 545 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding) (denying writ of

prohibition/injunction in connection with attempted appeal of eviction action, noting that "We have we have no jurisdiction to review the issue of possession in a forcible detainer action where the premises are used for commercial purposes."). Allowing the use of a writ of mandamus to control the county court's non-appealable exercise of discretion would permit the very appeal Section 24.007 was enacted to prohibit. *Mullins*, 745 S.W.2d at 51.

Accordingly, Yogurt Culture's petition for writ of mandamus is denied.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.